# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY KEYS, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:24-cv-00323-HEA |
| CEO JIFFY LUBE, | ) ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Sidney Keys, Sr.'s application to proceed in the district court without prepaying fees or costs. After reviewing plaintiff's financial information, the Court grants plaintiff leave to proceed without payment of the filing fee. Furthermore, after initial review, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff frequently files lawsuits in this Court. He has filed twelve lawsuits in the past month. In this case, plaintiff alleges racial discrimination against defendant CEO Jiffy Lube.

Plaintiff states that during the first week of February, 2024, he had his oil changed at the Jiffy Lube located at 7500 Delmar Boulevard, University City, Missouri 63130. He states that the employee did not put oil in his car. Eventually plaintiff heard a loud tapping sound from his engine. Plaintiff contacted the manager of the Jiffy Lube and asked him if Jiffy Lube would provide him with a rental vehicle until his car was repaired. He states, "[T]hey refused to get me a rental car as an African-American but Jiffy Lube provided a Caucasian woman a rental car after damaging her car at Jiffy Lube." Compl. at 5.

Plaintiff has filed five supplements to his complaint. These supplements are copies of various e-mails exchanged between Jiffy Lube and plaintiff. For unknown reasons, plaintiff has also filed correspondence regarding a child custody case.

For damages, plaintiff seeks an unspecified amount to be awarded at a jury trial.

**Discussion**

Plaintiff alleges Jiffy Lube racially discriminated against him by not offering him a rental car after its employee damaged plaintiff's car during an oil change. Plaintiff alleges an unnamed Caucasian woman was given a rental car.

Plaintiff's legal theory is unclear, but presumably he is attempting to state a claim under 42 U.S.C. § 1981 for racial discrimination. His allegations, however, are speculative, entirely conclusory, and not sufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678. Plaintiff has not pled enough information to allow the Court to infer that he was not offered a rental car because of his race. While he states that a Caucasian woman was offered a rental car, he does not state who this woman was, if she was at the same Jiffy Lube, the date on which this occurred, whether plaintiff witnessed these events, and whether she was in a similar situation to plaintiff. He states no facts upon which he rests his belief that a Caucasian woman was offered a rental car at Jiffy Lube and he was not because of his race. Furthermore, plaintiff does not mention racial discrimination in any of his correspondence with Jiffy Lube, nor does he reference this Caucasian woman.

Plaintiff's complaint does not contain the factual content that would allow the Court to "draw the reasonable inference" that defendants engaged in racial discrimination in violation of 42 U.S.C. § 1981. *See id.* For this reason, plaintiff's complaint will be dismissed for failure to state

a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of April, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE